# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## Bid Protest

| | |
|---|---|
| LEIDOS, INC., ) | Case No. 25-165 |
| ) | |
| Plaintiff, ) | Judge Stephen S. Schwartz |
| ) | |
| v. ) | |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

### ACCENTURE FEDERAL SERVICES LLC'S UNOPPOSED MOTION TO INTERVENE

Pursuant to Rule 24 of the Rules of the United States Court of Federal Claims ("RCFC"), Accenture Federal Services LLC ("AFS") respectfully moves to intervene in the above-captioned case. AFS seeks to intervene to protect its rights as the awardee of the Chief Information Officer Business Operations Support Services 2.0 Blanket Purchase Agreement ("BPA") under Request for Quotation No. 89303024RIM000008 challenged by Plaintiff Leidos, Inc. ("Leidos") in this bid protest. AFS has conferred with counsel for Plaintiff and Defendant, and neither opposes this motion.

Under Rule 24(a)(2), AFS is entitled to intervene as a matter of right because, as the awardee of the challenged BPA, it has an interest relating to the subject matter of this action and is "so situated that disposing of the action may as a practical matter impair or impede its ability to protect its interest[.]" RCFC 24(a)(2). This rule provides for "intervention of right" upon timely application to the Court when the party seeking to intervene: claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest,

unless existing parties adequately represent that interest. *Id.*; *see also Northrop Grumman Info. Tech., Inc. v. United States*, 74 Fed. Cl. 407, 413 (2006).

AFS meets the Rule 24(a)(2) test. As the awardee, AFS has a direct and immediate interest in the litigation, as its economic well-being will be affected by the Court's resolution of this bid protest. Furthermore, while Defendant and AFS both share an interest in demonstrating that Defendant's evaluation and the resulting award decision were proper, only AFS can adequately protect its interests in ensuring that any action taken does not adversely affect AFS' right to the BPA. "The United States Court of Appeals for the Federal Circuit has advised that the requirements for intervention are to be construed in favor of intervention." *Bannum, Inc. v. United States*, 96 Fed. Cl. 364, 378 (2010) (quotation marks omitted). This is especially true here where Plaintiff seeks to overturn Defendant's determination that AFS was entitled to receive the BPA under the terms of the solicitation and threatens to deprive AFS of a properly awarded BPA. Finally, as this motion is being filed on the first business day after the bid protest was filed, AFS' request is timely. *Benefits Consulting Assocs., LLC v. United States*, 93 Fed. Cl. 254, 268 (2010). Accordingly, AFS meets the requirements of RCFC 24(a)(2) and respectfully requests that the Court grant this motion to intervene as of right.

Dated: January 30, 2025

Respectfully submitted,

/s/Amy L. O'Sullivan
Amy L. O'Sullivan
Cherie J. Owen
Zachary H. Schroeder
Issac D. Schabes

CROWELL & MORING
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel. (202) 624-2500
aosullivan@crowell.com

*Counsel for Accenture Federal Services LLC*